IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| BRANDON STANLEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | NO. 3:25-cv-00272 |
| v. ) | |
| ) | JUDGE CAMPBELL |
| MTP-PASEO PHASE II LEASEHOLD, ) | MAGISTRATE JUDGE |
| LLC, et al., ) | FRENSLEY |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

Pending before the Court is a motion to dismiss filed by Defendant Music City Shutter, LLC. (Doc. No. 33). Plaintiff filed a response in opposition (Doc. No. 38), and Defendant filed a reply (Doc. No. 40). For the reasons discussed below, Defendant's motion (Doc. No. 33) is **DENIED**.

### I. FACTUAL BACKGROUND

Plaintiff alleges that Defendant Music City Shutter, LLC installed the window blinds at the Prima at Paseo South Gulch Apartments in Nashville, Tennessee ("the Prima"). (Doc. No. 21 ¶ 5). Plaintiff was a tenant at the Prima and on April 28, 2024, Plaintiff used the motorized window blinds in his apartment. (*Id.* ¶ 10). Plaintiff alleges that the window blinds detached from the window frame and struck Plaintiff's right hand, which caused Plaintiff severe injuries. (*Id.* ¶ 12). Plaintiff brings claims against Defendant for premises liability and negligence. Defendant moved to dismiss Plaintiff's First Amended Complaint under Fed. R. Civ. 12(b)(6) for failure to state a claim upon which relief may be granted.

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a complaint for failure to state a claim upon which relief can be granted. For purposes of a motion to dismiss, a court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id.* at 678. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). Thus, dismissal is appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Guzman v. U.S. Dep't of Children's Servs.*, 679 F.3d 425, 429 (6th Cir. 2012).

## III.   ANALYSIS

Defendant seeks dismissal based on Plaintiff's failure to amend the Complaint in compliance with Tenn. Code Ann. § 20-1-119, which sets forth a process for amending a pleading once comparative fault is alleged by a party.

Tennessee Rule of Civil Procedure 15.01 accounts for amendments to comply with Tenn. Code Ann. § 20-1-119 without leave of Court. The Federal Rules of Civil Procedure contain no similar provision. Thus, as Plaintiff's Response explains, Plaintiff had to seek leave to amend the Complaint to add a Defendant, which Plaintiff did (Doc. No. 14), and Plaintiff received leave to amend approximately 6 weeks later. (Doc. No. 19).

Because this case is in federal court, the Federal Rules of Civil Procedure apply, not Tennessee state procedural rules. Plaintiff will not be penalized for seeking leave to amend – which both parties agree occurred in a timely manner – and having to wait 6 weeks for a ruling.

Accordingly, Defendant's motion to dismiss, which is based entirely on the interplay between Tenn. Code Ann. § 20-1-119 and Tennessee Rule of Civil Procedure 15, is denied.

### IV. CONCLUSION

For the reasons stated above, Defendant's motion to dismiss (Doc. No. 33) is **DENIED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE